UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **5:26-cv-01500-MCS-KES** | Date | March 30, 2026 |

| Title | ***Zhang v. Semaia*** |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING APPLICATION AND SETTING DEADLINES FOR FURTHER DEVELOPMENT (ECF NO. 3)**

Petitioner Zhiyuan Zhang brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an application for a temporary restraining order. (Appl., ECF No. 3.)

According to the petition and application materials, Petitioner is a citizen of China who entered the United States without inspection on or about August 8, 2024, and was apprehended by United States Immigration and Customs Enforcement ("ICE"). (Pet. ¶ 21.) On August 9, 2024, the Department of Homeland Security initiated removal proceedings, and ICE released him from custody on his own recognizance. (*Id.* ¶¶ 22–23.) Petitioner later applied for asylum, and his asylum case remains pending. (*Id.* ¶ 24.) Petitioner avers that he has complied with reporting requirements and the terms of his release, and that he "has worked to support himself, paid taxes, and lived openly and peacefully in the community." (*Id.* ¶ 25.) At a routine check-in on March 11, 2026, ICE re-detained Petitioner without a bond hearing. (*Id.* ¶¶ 26–29.)

Petitioner claims his re-detention violates his right to due process under the Fifth Amendment as well as the statutory framework governing detention authority

for noncitizens. (Pet. ¶¶ 30–47.) He seeks an order directing Respondents Fereti Semaia, Warden of Adelanto ICE Processing Center; Ernesto Santacruz, Director of Los Angeles ICE Field Office; Todd Lyons, Acting Director of ICE; Pamela Bondi, Attorney General of the United States; and Markwayne Mullin, Secretary of Homeland Security, to release him from custody without imposing conditions of release more restrictive than those previously in place, to return Petitioner's personal belongings, and to refrain from re-detaining Petitioner again without a pre-detention hearing with appropriate process. (Appl. 16–17.)

The application suffers from several procedural defects that counsel against granting preliminary injunctive relief without notice to Respondents. *E.g.*, C.D. Cal. R. 65-1 (requiring submission of a proposed temporary restraining order and a proposed order to show cause why a preliminary injunction should not issue). The petition is also unverified. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, which applies to this Section 2241 proceeding, *see Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023), requires a habeas petition to be signed under penalty of perjury.

The Court denies the application but orders further development of the petition on an expedited timetable as follows. The Clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondents consistent with Appendix C to the Local Rules. Counsel for Respondents shall file a notice of appearance within three calendar days of the date the Clerk's Office effects service. Respondents shall file an answer to the habeas petition no later than seven days from the date the Clerk's Office effects service. Any arguments that the petition should be dismissed shall be made in the answer and not by separate motion. Any reply shall be filed no later than three days after the answer is filed. If any of these deadlines fall on a weekend, holiday, or day the Court is closed, the deadline shall be the next business day on which the Court is open.

During the pendency of these proceedings, Respondents shall provide at least two court days' notice to Petitioner, Petitioner's counsel, and the Court of its intent to remove Petitioner from the Central District of California. If any party seeks to accelerate or extend the briefing schedule, the parties shall promptly meet and confer. After doing so, the parties shall file a stipulation or a joint statement that contains the parties' competing proposals for a briefing schedule.

**IT IS SO ORDERED.**