UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIYUAN ZHANG,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, et al.,<br><br>Respondents. | Case No. 5:26-cv-01500-MCS-KES<br><br>ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R. & R.," ECF No. 9). The objections period has been waived. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees with the Magistrate Judge.

In addition to release from custody and relief attendant thereto, Petitioner prays for an order restraining Respondents from imposing any conditions of supervision "more restrictive than those previously in place" before his current detention, and from "transferring, re-arresting, or re-detaining Petitioner" absent certain process. (Pet., Prayer for Relief ¶¶ 5, 9.) The Magistrate Judge recommends entering the

1

proposed relief "[b]ased on the facts and law stated in the Petition, and in light of Respondents' lack of opposition." (R. & R. 2.) But the facts and law presented in the petition pertain to Petitioner's claims that Respondents wrongfully detained him; they have no bearing on Respondents' anticipated supervision or handling of Petitioner *after* his release from present custody. (*See* Pet. ¶¶ 30–47.) The Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner is released. *See, e.g., Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition").

IT IS THEREFORE ORDERED that:

1. The Petition is GRANTED.

2. Respondents must immediately release Petitioner from custody.

3. Respondents must return all of Petitioner's belongings, including his Employment Authorization Document and identity documents.

DATED: April 29, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

2